UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ANDRE SHARP,<br><br>　　　　　　　　　　Petitioner,<br><br>　　　v.<br><br>M. MARTEL, Warden, et al.,<br><br>　　　　　　　　　　Respondents. | Civil No.　08cv1527 BEN (CAB)<br><br>**REPORT AND RECOMMENDATION REGARDING RESPONDENTS' MOTION TO DISMISS THE PETITION**<br>**[Doc. No. 28.]** |

## I. INTRODUCTION

Anthony Andre Sharp, a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.  Petitioner claims the classification of his crime as violent, and the corresponding requirement that he serve 85 % of his sentence, violated his rights under the United States Constitution.  He also claims the California Department of Corrections and Rehabilitation ("CDCR") violated his constitutional rights when it failed to deduct restitution payments from his inmate trust account.

On November 7, 2008, Respondents moved to dismiss the Petition.  Respondents contend the first ground for relief should be dismissed as untimely and the second ground for relief should be dismissed because it fails to establish a basis for federal habeas relief.  Petitioner submitted an opposition on November 21, 2008.  Having considered the papers and the relevant legal authority, this Court recommends the motion be **GRANTED** and the Petition be **DISMISSED WITH PREJUDICE**.

///

## II.  BACKGROUND

On March 3, 1997, Petitioner pled guilty to committing a lewd act upon a child under the age of fourteen, in violation of Penal Code section 288(a).  (Motion, Exhibit 1.)  Petitioner also admitted two prison priors and one strike prior.  (*Id*.)  Petitioner stipulated to the upper term sentence of eighteen years in state prison.  (*Id*.)  Petitioner also acknowledged as part of his plea that he may have to serve 85% of his sentence because it was a violent felony.  (*Id*.)  Petitioner was ultimately sentenced to a total term of eighteen years and a restitution fine of $2,000.  (Motion, Exhibit 2.)

Petitioner did not appeal his conviction.  (Petition at 2.)  On February 3, 2007, he filed his first state habeas petition in San Diego Superior Court.[1]  (Motion, Exhibit 3.)  The Superior Court denied the petition on August 24, 2007.  (Motion, Exhibit 4.)  It appears Petitioner subsequently filed state habeas petitions in the California Court of Appeal and the California Supreme Court, but the exact dates of these petitions are unclear.  Both state habeas petitions were denied.  (Petition at 3, 4.)

## III.  DISCUSSION

Petitioner contends the classification of his crime as violent, and the corresponding requirement that he serve 85 % of his sentence, violated his rights under the United States Constitution.  He also claims the CDCR violated his constitutional rights when it failed to deduct restitution payments from his inmate trust account.  Respondents move to dismiss the first ground for relief as untimely and the second ground for relief as failing to establish a basis for federal habeas relief.

**A.     Ground One**

Respondents argue the first ground for relief, the alleged unconstitutionality of Petitioner's sentence, should be dismissed as untimely based upon the applicable statute of limitations.  Because this case was filed after April 24, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA").  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for a writ of habeas corpus

---

[1] A *pro se* prisoner's federal and state habeas petitions are deemed filed when the prisoner delivers the petition to prison authorities for mailing. *Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds, *Carey v. Saffold*, 536 U.S. 214 (2002). Although it is not clear the exact date on which Petitioner submitted his state petition for mailing, this Court shall view it in the light most favorable to Petitioner and construe it as being delivered for mailing on the date it was signed by Petitioner.

filed "by a person in custody pursuant to the judgment of a State court." Courts have strictly construed AEDPA's one-year limitations period. *See Lattimore v. Dubois*, 311 F.3d 46, 53-54 (1st Cir. 2002) (reversing the district court's decision to give the petitioner a "grace period" and dismissing a habeas petition as untimely when it was submitted one day late); *Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002) (stating "[w]e have consistently denied tolling even where the petition was only a few days late"); *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (finding a habeas petition submitted one day late was properly dismissed as untimely). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, there was no state impediment to seeking relief and the factual predicate for the claim could have been discovered through the exercise of due diligence on the day the judgment was rendered. Furthermore, while it appears the arguments in his first ground for relief loosely relate to the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *Cunningham v. California*, 549 U.S. 270 (2007), which were decided after his judgment became final, the Ninth Circuit has held that neither *Apprendi* nor *Blakely* are retroactively applicable to cases on collateral review.[2]  *See Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005); *Rees v. Hill*, 288 F.3d 1103, 1104 (9th Cir. 2002). Because *Cunningham* relied on *Blakely* and *Apprendi*, it stands to reason that *Cunningham* likewise would not apply retroactively to cases on collateral review.

///

---

[2] Petitioner does not actually cite to these, or any other, cases in support of his claim.

Accordingly, the appropriate start date for the limitation period is the date on which the judgment became final.

Because Petitioner did not file a direct appeal, his judgment became final by the expiration of the time for seeking direct review. Pursuant to Rule 8.308 of the California Rules of Court, an appeal must be filed within 60 days after the rendition of the judgment or the making of the order being appealed. Petitioner's judgment was rendered on March 3, 1997. (Motion, Exhibit 2.) Thus, his judgment became final on May 1, 1997. The statute of limitations therefore began running on May 1, 1997, and expired on May 2, 1998. *See* Fed. R. Civ. P. 6(a) (excluding the day from which the period begins to run from the calculation of the time). Petitioner did not file the instant federal petition until June 26, 2008, far in excess of the § 2244(d) one-year statute of limitations. As a result, ground one of the Petition is time-barred. The time bar precludes this Court's review of the merits of the claim, unless the statute of limitations is subject to statutory or equitable tolling.

**1. Statutory Tolling**

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 22 U.S.C. § 2244(d)(2). However, the filing of a state habeas petition after the expiration of AEDPA's one-year period does not revive the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *see also Rashid v. Kuhlman*, 991 F.Supp. 254, 259 (S.D. N.Y. 1998) (stating "[o]nce the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations").

Petitioner's first state habeas petition was filed on February 3, 2007. (Motion, Exhibit 3.) Thus, by the time Petitioner's first state petition was filed, the limitations period had already ended almost nine years earlier. Petitioner does not provide any information or documents to indicate that any other collateral review was sought. Thus, the limitations period is not entitled to statutory tolling.

**2. Equitable Tolling**

Equitable tolling of the AEDPA statute is only appropriate when there are "'extraordinary circumstances' beyond the prisoner's control that made it impossible to file a petition on time." *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (citations omitted). "External forces," not a petitioner's

"lack of diligence" must account for his failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (applying equitable tolling where prison officials delayed mailing petition and filing fee); *see also Lott v. Mueller*, 304 F.3d 918, 922-26 (9th Cir. 2002) (holding that a prisoner was entitled to equitable tolling if he was denied access to his legal files for 82 days, and remanding for a factual determination of whether petitioner's allegation to that effect was true). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citations omitted). The burden is on the petitioner to demonstrate equitable tolling is appropriate. *Id*.

Petitioner offers no grounds for equitable tolling, either in his Petition or in his opposition. Because Petitioner has failed to carry his burden of demonstrating both extraordinary circumstances and that he pursued his rights diligently, equitable tolling of the limitations period is not appropriate in this case.

In sum, in the absence of any statutory or equitable tolling, this Court finds Petitioner's first ground for relief to be untimely. The Court therefore recommends Respondents' motion be **GRANTED** and the first ground for relief be **DISMISSED with prejudice** as untimely.

**B.    Ground Two**

Respondents argue Petitioner's second ground for relief, regarding the CDCR's alleged failure to deduct restitution payments from his inmate trust account, should be dismissed because it does not present a basis for federal habeas relief.[3] A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, habeas corpus relief under section 2254 is reserved for state prisoners who challenge the legality of their custody and seek determination of their entitlement to an earlier or immediate release. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Petitioner's second ground for relief does not challenge the legality of his custody or seek a determination of his entitlement to an earlier or immediate release. Rather, it concerns the alleged

---

[3] To the extent Petitioner again challenges the constitutionality of his sentence in ground two, for the same reasons discussed above in relation to ground one, such a claim would be untimely.

1  failure of the CDCR to deduct money from Petitioner's prison account to pay his fine, which has no
2  bearing on the fact or duration of his confinement.  *See Moore v. Nelson*, 270 F.3d 789, 792 (9th
3  Cir.2001) (holding the imposition of a fine does not constitute "custody" for purposes of habeas corpus
4  review).  Accordingly, this Court recommends Respondents' motion be **GRANTED** and the second
5  ground for relief be **DISMISSED with prejudice** because it does not present a basis for federal habeas
6  relief.

### IV.  CONCLUSION

Having reviewed the matter, the undersigned Magistrate Judge recommends Respondents' motion be **GRANTED** and ground one of the Petition be **DISMISSED WITH PREJUDICE** for violating the limitations period of 28 U.S.C. § 2244(d), and ground two be **DISMISSED WITH PREJUDICE** because it does not present a basis for federal habeas relief.  This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **January 12, 2009**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties within **10 days** of being served with the objections.

**IT IS SO ORDERED**.

DATED:  December 10, 2008

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge